Samuel J. Smith, SBN 242440
   Email:   samuel@sjscounsel.com
**SJS COUNSEL, APC**
5757 Wilshire Boulevard
Penthouse 20
Los Angeles, California 90036
Telephone:     (310) 271-2800
Facsimile:     (310) 271-2818

Daniel L. Reback, SBN 239884
   Email:   dreback@kranesmith.com
Jeremy Smith, SBN 242430
   Email:   jsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone:     (818) 382-4000
Fax:             (818) 382-4001

Attorneys for Plaintiff ELEKTRA PRINTZ GORSKI

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEKTRA PRINTZ GORSKI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COTTON ON USA, INC., a California Corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 2:16-cv-9057<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK COUNTERFEITING** [15 U.S.C. §1114, *et seq.*];<br>2. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114, *et seq.*];<br>3. **TRADEMARK INFRINGEMENT** [California law];<br>4. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)];<br>5. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)]; and<br>6. **UNFAIR COMPETITION** [California law]<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Elektra Printz Gorski ("Gorski" or "Plaintiff"), through her attorneys, complaining of defendant Cotton On USA, Inc. ("Defendant") and Does 1 to 20, inclusive, hereby allege as follows:

## STATEMENT OF THE CASE

1.      This is a suit by GORSKI against Defendant for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees, investigators' fees and costs for trademark counterfeiting, trademark infringement and unfair competition. Defendant is being sued as a result of its willful and unlawful use, sale, offers for sale, creation, distribution, promotion and advertisement of merchandise bearing counterfeits and infringements of GORSKI's federally registered trademarks.

## JURISDICTION AND VENUE

2.      This is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§1051, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 and ancillary jurisdiction over the attendant claims.

3.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

**COMPLAINT**

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a).  The infringing products which are the subject of this litigation have been distributed and offered for distribution in this District. Defendant has extensive contacts with, and conducts business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

## THE PARTIES

5.     Plaintiff Elektra Printz Gorski is an individual who resides in Baltimore, Maryland.

6.     Upon information and belief, Defendant is a California Corporation doing business in California and throughout the United States. Defendant operates at least sixteen (16) retail locations in this district alone.

7.     GORSKI is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

8.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants Doe 1 through 20, inclusive, are unknown to GORSKI who therefore sues said defendants by such fictitious names.  GORSKI is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and

2

liabilities alleged and referred to herein.  GORSKI will seek leave to amend this Complaint to allege the true names and capacities of these Doe defendants when the same are ascertained.

## FACTUAL ALLEGATIONS

### *GORSKI's Creation of LETTUCE TURNIP THE BEET*

9.     GORSKI graduated from the Fashion Institute of Technology ("FIT") in New York in 2007, winning the famed Critic's Award as one of the most promising designers in her class. She has taken advanced silkscreen classes at FIT and the School of Visual Arts (SVA) from 2006 to 2013. She is a designer and artist who is widely considered a master printer among her industry peers who have printed for Andy Warhol and Robert Rauschenberg and is now a Critic for FIT.

10.     In 2011, GORSKI created the LETTUCE TURNIP THE BEET mark ("LTTB Mark") and began to use the mark on merchandise as a source identifier for her brand (the "LTTB Brand").

11.     In or about June 2011, GORSKI began to sell merchandise bearing the LTTB Mark in SoHo, NYC.

12.     In or about August 2011, GORSKI began to sell merchandise bearing the LTTB Mark on the following ecommerce websites: etsy.com ("Etsy") and

**COMPLAINT**

supermarkethq.com ("Supermarket"). The LTTB Mark on a shirt, tote bag, paper goods and the main website is seen below:



13.    On October 3, 2011, GORSKI filed an application for trademark registration for the LTTB Mark. On March 5, 2013, the USPTO issued Registration Number 4,297,108 for International Classes 016, 018, and 025 for the LTTB Mark for the following goods and services: "Paper for wrapping and packaging"; "tote bags"; and "[w]earble garments and clothing, namely, shirts."

14.    On May 10, 2013, GORSKI filed a second application for a trademark registration for the LTTB Mark. On December 24, 2013, the USPTO issued Registration Number 4,454,801 for International Class 035 for the LTTB Mark for the followings goods and services: "On-line retail store services featuring clothing,

accessories and art." A copy of the printout from the USPTO online database reflecting these two aforementioned registrations is attached hereto as **Exhibit A.**

15.    On January 2, 2014, GORSKI filed a third application for a trademark registration for the LTTB Mark in International Class 041 for "entertainment services, namely, arranging and conducting special events for social entertainment and philanthropic purposes". The registration is currently pending**.**

16.    On March 16, 2016, Gorski filed 4th and 5th applications for design mark registrations for the LTTB Mark. On October 18, 2016, the USPTO issued Registration Nos. 5064226 and 5064227 for the two design marks for International Classes 018 and 025. A copy of the printouts from the USPTO online database reflecting these two aforementioned registrations is attached hereto as **Exhibit B.**

17.    When used together, the individual words of the LTTB Trademark are arbitrary and fanciful, and entitled to the highest level of protection.

18.    GORSKI has expended substantial time, effort and money in developing a brand image for the LTTB Brand including the development and marketing of its LTTB Mark. As a result, GORSKI has received overwhelming praise from and attention for the LTTB Brand.

19.    The LTTB Brand markets itself as "Especially popular with vegetarians, vegans, CSA members, Ag students, farmers, chefs, dietitians, juicing fanatics, graphic designers, advertising directors, animators, musical theatre folks,

5

music industry execs, teachers, DJs, dancers, choreographers, yoga enthusiasts, musicians, musical festival attendees, gamers, geeks, hipsters, academics, and beet lovers!"

20.     Indeed, the LTTB Brand has been popular in the food, music and art industries. For example, on August 26, 2012, well-known singer-songwriter Jason Mraz wore a t-shirt bearing the LTTB Mark at a concert. A true and accurate screenshot of Jason Mraz wearing the LTTB Brand is depicted below:



21.     Similarly, as seen on Madonna's Facebook page, Rich Talauega, choreographer to Madonna and Chris Brown, wears a tank-top bearing the LTTB Mark at a rehearsal for the 2012 Super Bowl half-time show. A true and accurate screenshot of Rich Talauega wearing the LTTB Brand is depicted below:

6

**COMPLAINT**



22.     In or about February 2013, *Pregnancy and Newborn* magazine featured GORSKI's baby organic bodysuit bearing the LTTB Mark in its magazine as a recommended product.

23.     In August 2013, Madison Hildebrand wore a t-shirt bearing the LTTB Mark on *Million Dollar Listing Los Angeles*, a television series on Bravo. A true and accurate screenshot of Madison Hildebrand wearing the LTTB Brand is depicted below:



7

**COMPLAINT**

24.     In December 2013, GORSKI's products were featured as a top product in the 2013 Pinterest Holiday Gift Guide on pinterest.com.

25.     In June 2015, *DJ Mag* featured GORSKI's shirts bearing the LTTB Mark in its magazine as a recommended product.

26.     In July 2015, Carol Radziwill wore a tank top prominently bearing the LTTB Mark on the *Real Housewives of New York (RHONY)*, a television series on Bravo. A true and accurate screen shot of Carol Radziwill wearing the LTTB Brand is depicted below:



27.     As a result of GORSKI's efforts, the LTTB Brand has become a social media sensation across the United States and the LTTB Mark has acquired secondary meaning.

28.     To date, GORSKI has expended tens of thousands of dollars in promoting, advertising and marketing under the LTTB Brand.

8

**COMPLAINT**

29. Currently, GORSKI has 14,387 admirers and has sold at least 31,198 items on Etsy. GORSKI's customers have given her a five-star rating, the highest rating available on the Etsy website.

30. Based on GORSKI's extensive advertising, sales and the wide popularity of GORSKI's products, the LTTB Mark is now famous and has been famous since well prior to the activities of Defendant complained of herein. The LTTB Mark acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of GORSKI.

31. GORSKI has gone to great lengths to protect and enforce the LTTB Mark.

### *Defendant's Infringing Activities*

32. GORSKI hereby incorporates all prior allegations by reference.

33. In or about January 2016, GORSKI discovered that Defendant was unlawfully exploiting the LTTB Mark without authorization from GORSKI with the intent to confuse the public to believe that it was authorized and/or endorsed by GORSKI. Defendant's unauthorized conduct is clearly willful.

34. Due to this egregious and unauthorized counterfeiting and infringement, on or about January 19, 2016, GORSKI sent a cease and desist letter via email to Defendant demanding that it immediately cease their unauthorized use

9

**COMPLAINT**

of the LTTB Mark. GORSKI also demanded sales information of all infringing merchandise bearing the LTTB Mark.

35.    On or about January 27, 2016, Defendant responded to GORSKI's cease and desist letter. Therein, Defendant falsely claimed that it only became aware of GORSKI and the Mark as a result of GORSKI's demand. Defendant also refused to provide any sales information regarding all of its infringing merchandise.

36.    On or about February 25, 2016, GORSKI discovered that Defendant was selling LTTB fridge magnets. A true and correct picture of this magnet can be seen below:



37.    Defendant's unauthorized use of the LTTB Mark and its blatant disregard for GORSKI's intellectual property rights further evidence that Defendant's infringement of the LTTB Mark is willful.

38.    Defendant intentionally, maliciously and willfully used in association with its services, manufactured and/or caused to be manufactured, sold, offered for

**COMPLAINT**

sale, distributed, promoted and advertised products bearing counterfeits of one or more of the LTTB Mark, despite knowledge that such sales were illegal.

39.     Defendant's acts were calculated to confuse and to deceive the public and are performed with full knowledge of GORSKI's rights.

40.     Defendant is not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by GORSKI.

41.     GORSKI has never authorized or consented in any way to Defendant's use of the LTTB Mark or marks confusingly similar thereto.

42.     Defendant's use of the LTTB Mark or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendant's products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendant emanate or originate from GORSKI, and/or that said products are authorized, sponsored, or approved by GORSKI, even though they are not. This confusion causes irreparable harm to GORSKI and weakens and dilutes the distinctive quality of the LTTB Mark.

43.     By using infringements of the LTTB Mark on its goods, Defendant is trading on the goodwill and reputation of GORSKI and creating the false impression that Defendant's goods are affiliated with GORSKI.

44.     Defendant has been unjustly enriched by illegally using and misappropriating GORSKI's intellectual property for its own financial gain.

11

**COMPLAINT**

Furthermore, Defendant has unfairly benefited and profited from GORSKI's outstanding reputation for high quality products and her significant advertising and promotion of the LTTB Mark.

45.    Defendant has disparaged GORSKI, the LTTB Mark and her products by creating a false association with GORSKI, her genuine goods and the LTTB Mark.

46.    GORSKI has no control over the nature and quality of the products sold by Defendant, which bear infringements of the LTTB Mark.

47.    Among other things, Defendant's promotion, advertisement and promotion of its goods and services have and will reflect adversely on GORSKI as the believed source of origin thereof; hamper continuing efforts by GORSKI to protect her outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine products.

48.    Upon information and belief, Defendant has acted with reckless disregard for GORSKI's rights and/or was willfully blind in connection with unlawful activities. Upon information and belief, Defendant has willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

49.    GORSKI has suffered irreparable harm and damages as a result of Defendant's conduct. The injuries and damages sustained by GORSKI have been

12

directly and proximately caused by the Defendant's wrongful advertisement, promotion, distribution, sale and offers of sale of its goods bearing infringements of the LTTB Mark.

50.     GORSKI has no adequate remedy at law.

51.     Defendant has published and placed into circulation of the general public advertisements that infringe GORSKI's intellectual property rights and caused other damages not relating to the infringement.

52.     Defendant's wrongful acts will continue unless enjoined by the Court. Accordingly, Defendant must be restrained and enjoined from any further infringement of the LTTB Mark.

### FIRST CLAIM FOR RELIEF
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

53.     GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

54.     Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the LTTB Mark on goods covered by registrations for the LTTB Mark.

55.     Defendant has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

13

**COMPLAINT**

56.     Defendant's use of the LTTB Mark to advertise, promote, offer for sale, distribute and sell products bearing counterfeits was and is without the consent of GORSKI.

57.     Defendant's unauthorized use of the LTTB Mark on and in connection with its advertisement, promotion, sale, offering for sale and distribution of products in its stores constitutes Defendant's use of the LTTB Mark in commerce.

58.     Defendant's unauthorized use of the LTTB Mark as set forth above is likely to:

    (a)     cause confusion, mistake and deception;

    (b)     cause the public to believe that its products are the same as GORSKI's products and/or that they are authorized, sponsored or approved by GORSKI or that they are affiliated, connected or associated with or in some way related to GORSKI; and

    (c)     result in Defendant unfairly benefiting from GORSKI's advertising and promotion and profiting from the reputation of GORSKI and her LTTB Mark all to the substantial and irreparable injury of the public, GORSKI and the LTTB Mark and the substantial goodwill represented thereby.

59.     Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**COMPLAINT**

60.    By reason of the foregoing, Defendant are liable to GORSKI for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at GORSKI's election, an amount representing three (3) times GORSKI's damages and/or Defendant's illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**(Trademark Infringement (15 U.S.C. § 1114))**

61.    GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

62.    Based on GORSKI's extensive advertising under the LTTB Mark, her extensive sales and the wide popularity of the LTTB Brand, the LTTB Mark has acquired a secondary meaning so that any product and advertisement bearing such trademark is immediately associated by purchasers and the public as being a product and affiliate of GORSKI.

63.    Defendant's activities constitute Defendant's use in commerce of the LTTB Mark. Defendant used the LTTB Mark in connection with Defendant's sale, offers of sale, distribution, promotion and advertisement of its goods bearing infringements of the LTTB Trademark.

**COMPLAINT**

64.     Defendant has used the LTTB Mark, knowing it is the exclusive property of GORSKI, in connection with the sale, offers for sale, distribution, promotion and advertisement of its services and goods bearing infringements of the LTTB Mark.

65.     Defendant's activities create the false and misleading impression that Defendant is sanctioned, assigned or authorized by GORSKI to use the LTTB Mark to advertise, manufacture, distribute, appraise, offer for sale or sell products bearing the LTTB Mark when Defendant is not so authorized.

66.     Defendant engages in the aforementioned activity with the intent to confuse and deceive the public into believing that they and the products they sell are in some way sponsored, affiliated or associated with GORSKI, when they are not.

67.     Defendant's use of the LTTB Mark has been without the consent of GORSKI, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendant is warranted, authorized, sponsored or approved by GORSKI when, in fact, they are not.

68.     Defendant's unauthorized use of the LTTB Mark has resulted in Defendant unfairly benefiting from GORSKI's advertising and promotion, and profiting from the reputation of GORSKI and the LTTB Mark, to the substantial

16

and irreparable injury of the public, GORSKI and the LTTB Mark and the substantial goodwill represented thereby.

69.     Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

70.     By reason of the foregoing, Defendant is liable to GORSKI for: (a) an amount representing three (3) times GORSKI's damages and/or its illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
**(Trademark Infringement under California *Business & Professions Code* §14245 *et seq.* and California Common Law against Defendant)**

71.     GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

72.     Defendant's use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant.

73.     The acts and conduct of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of

17

**COMPLAINT**

California, including California *Business and Professions Code* sections 14245 *et seq.*, in that, among other things, Defendant's acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant.  Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public.  Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

74.    As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California *Business and Professions Code* sections 14247 *et seq.*, including injunctive relief and recovery of three times Defendant's profits and damages suffered by reason of their wrongful conduct. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

///

///

**COMPLAINT**

## FOURTH CLAIM FOR RELIEF
### (Trademark Dilution under 15 U.S.C. §1125(c)
### against Defendant)

75.     GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

76.     Plaintiff has used his Mark to identify his products before Defendant began using the Mark without his permission.

77.     The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark.   The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

78.     Defendant's use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

79.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill.   Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff.   Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

**COMPLAINT**

80.     Plaintiff is entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark dilution.

81.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark dilution.

82.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

83.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## **FIFTH CLAIM FOR RELIEF**
**(Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))**

84.     GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

20

**COMPLAINT**

85.      In connection with Defendant's advertisement, promotion, distribution, offers of sale and sale of its goods and services, Defendant has used the LTTB Mark in commerce.

86.       In connection with Defendant's advertisement, promotion, distribution, offers of sale and sales of its goods and services, Defendant has affixed, applied and/or used false designations of origin and false and misleading descriptions and representations, including the LTTB Mark which tends falsely to describe the origin, sponsorship, association or approval by GORSKI of the goods Defendant sells.

87.     Defendant has used the LTTB Mark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of GORSKI.

88.     Defendant's use of the LTTB Mark on its goods bearing infringements of the LTTB Mark constitutes false descriptions and representations tending falsely to describe or represent Defendant and its products as sponsored, affiliated or associated with GORSKI.

89.      Defendant has used the LTTB Mark on its website(s) and on its goods with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of GORSKI and to improperly

**COMPLAINT**

appropriate to itself the valuable trademark rights of GORSKI. Defendant's acts constitute unfair competition under federal law.

90.     Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent its products as those of GORSKI in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). These acts constitute unfair competition.

## SIXTH CLAIM FOR RELIEF
### (Unfair Competition against Defendant)

91.     GORSKI hereby incorporates by reference all prior allegations as though fully set forth herein.

92.     Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

93.     The acts and conduct of Defendant complained of herein have caused GORSKI irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  GORSKI has no adequate remedy at law.

**COMPLAINT**

94.    GORSKI is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to GORSKI.

95.    GORSKI is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  GORSKI is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

96.    Because of the willful nature of Defendant's wrongful acts, GORSKI is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** GORSKI respectfully requests that the Court order the following relief:

I.    That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with it be enjoined and restrained from:

A. using any reproduction, counterfeit, copy, or colorable imitation of the LTTB Mark to identify any goods not authorized by GORSKI;

B. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure GORSKI's business reputation or

23

weaken the distinctive quality of the LTTB Mark, GORSKI's name, reputation or goodwill;

C. using a false description or representation including words or other symbols tending to falsely describe or represent its unauthorized goods as being those of GORSKI or sponsored by or associated with GORSKI and from offering such goods in commerce;

D. further infringing the LTTB Mark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by GORSKI bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the LTTB Mark;

E. using any simulation, reproduction, counterfeit, copy or colorable imitation of the LTTB Mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to GORSKI, or to any goods

24

**COMPLAINT**

sold, manufactured, sponsored or approved by, or connected with GORSKI;

F.   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services or products manufactured, distributed, sold or offered for sale, or rented by Defendant is in any way associated or connected with GORSKI, or are provided, sold, manufactured, licensed, sponsored, approved or authorized by GORSKI;

G.   engaging in any conduct constituting an infringement of any of the LTTB Mark, of GORSKI's rights in, or to use or to exploit, said trademark, or constituting any weakening of GORSKI's name, reputation and goodwill;

H.   using or continuing to use the LTTB Mark or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods not directly authorized by GORSKI;

25

**COMPLAINT**

I.  secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the LTTB Mark; and

J.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

II.  That Defendant, within ten (10) days of judgment, take all steps necessary to remove all text or other media referring to or offering for sale any merchandise bearing the LTTB Mark, or marks substantially indistinguishable therefrom.

III.  That Defendant, within thirty (30) days of judgment, files and serves GORSKI with a sworn statement setting forth in detail the manner and form in which it has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.  That Defendant be required to deliver up for destruction to GORSKI all unauthorized materials bearing any of the LTTB Mark in association with

**COMPLAINT**

unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

V.      That Defendant provides a full accounting of its sales of merchandise bearing counterfeits and infringements of the LTTB Mark.

VI.      Requiring Defendant to pay to GORSKI such damages GORSKI has sustained as a consequence of its counterfeiting and infringement of the LTTB Mark and to account for all gains, profits and advantages derived by Defendant from the sale of its infringing merchandise bearing the LTTB Mark, and that the award to GORSKI be trebled as provided for under 15 U.S.C. § 1117; alternatively, that GORSKI be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

VII.      Ordering that GORSKI recover the costs of this action, together with reasonable attorneys' and pre-judgment interest in accordance with 15 U.S.C. § 1117.

VIII.      Directing that this Court retain jurisdiction of this action for the purpose of enabling GORSKI to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

**COMPLAINT**

IX.     Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to GORSKI.

X.      Due to the advertising injury caused to GORSKI, Defendant be required to deliver to GORSKI for destruction, all goods that were being advertised, promoted or offered for sale, as well as any and all catalogs, circulars, or other printed material in its possession or control displaying or promoting the infringing goods that were or are being advertised, promoted, or offered for sale.

XI.     Awarding to GORSKI such other and further relief as the Court may deem just and proper, together with the costs and disbursements that GORSKI has incurred in connection with this action.


DATED:  December 6, 2016          SJS COUNSEL, APC


                                  By:/s/ *Samuel J. Smith*
                                       Samuel J. Smith

                                  Attorneys for Plaintiff
                                  ELEKTRA PRINTZ GORSKI

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff ELEKTRA PRINTZ GORSKI hereby demands a trial by jury.

DATED:  December 6, 2016          SJS COUNSEL, APC


By:/s/ *Samuel J. Smith*
          Samuel J. Smith

Attorneys for Plaintiff
ELEKTRA PRINTZ GORSKI

29